FILED'06 OCT 30 12:32USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

```
DONALD GENE HADLEY,           )
                              )    Civil No. 04-970-JE
          Petitioner,         )
                              )
     v.                       )
                              )
GUY HALL,                     )
                              )    FINDINGS AND RECOMMENDATION
          Respondent.         )
```

    Nell I. Brown
    Assistant Federal Public Defender
    101 S.W. Main Street, Suite 1700
    Portland, Oregon 97204

        Attorney for Petitioner

    Hardy Myers
    Attorney General
    Douglas Y.S. Park
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97301

        Attorneys for Respondent

///

1 - FINDINGS AND RECOMMENDATION

JELDERKS, Magistrate Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254 in which he challenges his underlying state convictions for Sodomy. For the reasons set forth below, the Amended Petition for Writ of Habeas Corpus (#49) should be denied, and Judgment should be entered dismissing this action with prejudice.

## BACKGROUND

On December 28, 1994, the Morrow County Grand Jury returned an indictment charging petitioner with three counts of Sodomy in the First Degree. Respondent's Exhibit 102. A jury found petitioner guilty of all three counts, and the court imposed a sentence of 14 years and 8 months on those convictions. Respondent's Exhibit 101, "Amended Judgment and Sentence Order", p. 2.

Petitioner directly appealed his convictions, but the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. State v. Hadley, 151 Or. App. 804, 960 P.2d 394 (1997), rev. denied 326 Or. 465, 952 P.2d 64 (1998).

Petitioner next filed for post-conviction relief ("PCR") in state court. The PCR trial court denied relief. Respondent's Exhibits 122-124. The Oregon Court of Appeals affirmed the PCR trial court without opinion. Hadley v. Hill, 185 Or. App. 163, 58 P.3d 853 (2002). Thereafter, the Oregon Supreme Court issued an Order appointing petitioner new appellate counsel. Petitioner's

2 - FINDINGS AND RECOMMENDATION

new appellate counsel moved the Oregon Supreme Court for an Order remanding petitioner's case to the Oregon Court of Appeals for supplemental briefing and decision. Respondent's Exhibit 127. The Oregon Supreme Court denied petitioner's Motion without prejudice to petitioner filing a petition for reconsideration with the Oregon Court of Appeals. Respondent's Exhibit 128.

Petitioner then filed a Petition for Reconsideration asking the Oregon Court of Appeals "to permit supplemental briefing and decision on the claim that his trial attorney was inadequate and ineffective when he failed to assert that retroactively applying to his case amendments that lengthened the statute of limitations was prohibited by the constitutional ban on *ex post facto* laws." Petitioner's Memorandum in Support (#47), Exhibit E, p. 1. The Oregon Court of Appeals denied petitioner's Petition for Reconsideration, and the Oregon Supreme Court denied review. Respondent's Response to Petitioner's Amended Petition (#50), p. 4; Hadley v. Hill, 336 Or. 615, 90 P.3d 625 (2004).

On July 16, 2004, petitioner filed this action. Petitioner's ground for relief as set forth in his Amended Petition is as follows:

    1.    Petitioner received ineffective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution as interpreted in *Strickland v. Washington*, 466 U.S. 668 (1984), when his trial counsel failed to argue that application of the extended statute of limitations violated the constitutional ban on *ex post*

///

3 - FINDINGS AND RECOMMENDATION

*facto* laws under Article I, section 10, of the United States Constitution.

Petitioner's Amended Petition (#49), p. 3.

Respondent asks the court to deny relief on the Amended Petition because: (1) petitioner's claim was not fairly presented to the state courts and is now procedurally defaulted; and (2) decisions denying petitioner relief on this claim were neither "contrary to," nor an "unreasonable application of," United States Supreme Court precedent. Respondent's Response to Petitioner's Amended Petition (#50), pp. 1-2.

## DISCUSSION

### I. Exhaustion and Procedural Default.

The State argues that petitioner's claim is procedurally defaulted because he failed to fairly present it to the Oregon courts during post-conviction review.

### A. Standards.

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. Rose v. Lundy, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" Casey v.

4 - FINDINGS AND RECOMMENDATION

Moore 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting <u>Vasquez v. Hillery</u>, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. <u>Castille v. Peoples</u>, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. <u>Edwards v. Carpenter</u>, 529 U.S. 446, 451 (2000); <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. <u>Gray v. Netherland</u>, 518 U.S. 152, 162 (1996); <u>Sawyer v. Whitley</u>, 505 U.S. 333, 337 (1992); <u>Murray v. Carrier</u>, 477 U.S. 478, 485 (1986).

B.  **Analysis**.

In his Amended Petition, petitioner alleges that he was denied effective assistance of counsel when trial counsel failed to argue that application of the extended statutes of limitations to his offenses violated the prohibition against *ex post facto* laws under the United States Constitution. Respondent contends that

5 - FINDINGS AND RECOMMENDATION

petitioner failed to properly preserve this claim during his PCR trial, and therefore it was not eligible for review by the Oregon Court of Appeals and Oregon Supreme Court. Moreover, respondent argues that even assuming that petitioner presented this claim to the PCR trial court, he never fairly presented it to the Oregon Court of Appeals, and therefore, could not have presented it to the state's highest court. Response to the Amended Petition (#50), pp. 3-4, 9.

Considering first whether petitioner presented the above ineffective assistance of counsel claim to the PCR trial court, the court notes that in his Amended PCR Petition and during his PCR trial, petitioner raised issues relating to whether trial counsel had failed to make proper motions at trial on the grounds that the statute of limitations had run on petitioner's offenses and whether an *ex post facto* violation had occurred. Specifically, in his Amended PCR Petition, petitioner alleged that:

> [He] was denied adequate assistance of counsel under the Sixth and Fourteenth Amendments to the Constitution of the United States . . . in that defense counsel failed to:
>
> * * *
>
> (D) File a proper Motion to Demurrer or Motion to Dismiss the Indictment or a Motion to Dismiss on the grounds that the statute of limitations [Footnote 1] had run;
>
> * * *
>
> [Footnote 1] - Petitioner has requested counsel raise the issue of the statute of limitations. Counsel has

6 - FINDINGS AND RECOMMENDATION

researched this issue and has concluded that applying an extension of a time limitation to the prosecution of offenses that were not time barred on the effective date of the extension does not violate ex post facto prohibitions. State vs. Dufort, 111 Or App 515 (1992), State vs. Parker, 119 Or App 105 (1993), State vs. Cokeman, 127 Or App 283 (1994).

Respondent's Exhibit 108, pp. 4-5.

In addition, during petitioner's PCR trial, his counsel notified the court that petitioner wanted her to make the *ex post facto* violation argument on his behalf:

> THE COURT:   And, Ms. Penz, any other preliminary matters?
>
> MS. PENZ:    . . . I just want to make it clear for my client so that I'm not remiss in my duties to him. One of the issues I brought up in this petition was the statute of limitations.
>
> * * *
>
> And I frequently am asked by clients whose crimes fall in the category from 1986 through 1991 whether a statute of limitations applies, and I keep saying there's a case which is directly on point. I want to say on behalf of Mr. Hadley and for the court because I don't want to bring forth a frivolous case claim, and it is in my petition, that I finally sat down and pulled up that case [State v. Cookman-, 324 Or. 19, 920 P.2d 1086 (1996)].
>
> * * *
>
> So I wanted my client to hear that and I wanted the court to know that to me that's the controlling issue. And I don't believe there's an ex post facto law, and my client can bring that up and argue it to the court.

7 - FINDINGS AND RECOMMENDATION

>           He has a paper he wrote out, Your Honor,
>           and -- but he does tell me today that
>           he's having difficulty reading. . . . I
>           do not have a problem arguing that to the
>           court today on his behalf, but I am also
>           saying to the court that State v. Cookman
>           does apply to his case in my humble
>           opinion.
>
>                       * * *
>
> MS. PENZ:  . . . I will present to the court an item
>           written out by my client with regard to
>           the statute of limitations that he can't
>           presently read. . . .

Respondent's Exhibit 121, pp. 5-7.

The state first argues that PCR trial counsel's actions above were insufficient to preserve a federal *ex post facto* claim for appeal to the Oregon Court of Appeals and Oregon Supreme Court for two reasons: (1) petitioner never mentioned the Federal *Ex Post Facto Clause* in his Amended PCR Petition; and (2) PCR trial counsel's concession in a footnote of petitioner's Amended PCR Petition indicating that in her opinion there was no violation of *ex post facto* prohibitions is evidence that petitioner did not properly raise this claim before the PCR trial court. Respondent's Response to Petitioner's Amended Petition (#50), pp. 7-9.

Petitioner contends that his specific reference to the Sixth and Fourteenth Amendments to the United States Constitution as they relate to his statute of limitations/*ex post facto* argument adequately federalized his *ex post facto* claim. Petitioner's Memorandum in Support (#47), p. 12. In addition, he argues that in

8 - FINDINGS AND RECOMMENDATION

the context of his case, a federal *ex post facto* claim is implicit in any claim relating to trial counsel's failure to make proper motions on the grounds that the statute of limitations had run. Id at 12-13.

Petitioner also argues that PCR trial counsel's statement in the footnote indicating that she did not believe he had a viable *ex post facto* claim supplemented his statute of limitations claim, and supports his position here that the statute of limitations issue raised in his Amended PCR petition included an allegation that trial counsel was ineffective for failing to preserve an *ex post facto* argument. Id at 13; Petitioner's Final Reply (#53), p. 3. Finally, petitioner contends that because the cases cited by PCR trial counsel in the footnote turned on both state and federal law, petitioner adequately raised the federal nature of his claim. Petitioner's Final Reply (#53), pp. 3-4 (citing Peterson v. Lampert, 319 F.3d 1153, 1158 (9th Cir. 2003)).

The relevant question in determining whether petitioner's claim was fairly presented to the PCR trial court is whether he afforded that court a meaningful opportunity to consider his allegation that he was denied the effective assistance of trial counsel under the Constitution when trial counsel failed to preserve an *ex post facto* violation argument for appeal. See Casey, 386 F.3d at 915-16 (quoting Vasquez, 474 U.S. at 257).

9 - FINDINGS AND RECOMMENDATION

While it is apparent that petitioner wanted to make an *ex post facto* argument in his Amended PCR Habeas Petition, and that his PCR trial counsel raised this issue in her oral presentation to the PCR trial court, it is less clear whether his claim relates to an alleged failure on the part of trial counsel to preserve for appeal a violation of state or federal *ex post facto* laws. However, this court need not determine whether petitioner fairly presented an ineffective assistance of counsel claim based on trial counsel's failure to preserve a **federal** *ex post facto* claim for appeal because this court finds that he failed to present the issue to the Oregon Court of Appeals.

In that regard, petitioner concedes that he failed to include the claim he raises here in his original appellate brief to the Oregon Court of Appeals. Petitioner's Memorandum in Support (#47), pp. 5-6. Nevertheless, petitioner contends that he presented that fully briefed claim to the Oregon Court of Appeals in a Petition for Reconsideration. As noted above, subsequent to the Oregon Court of Appeals affirming the PCR trial court without opinion, the Oregon Supreme Court issued an Order appointing petitioner new appellate counsel. Respondent's Exhibit 127, p. 1. Petitioner's new appellate counsel determined that petitioner had preserved the claim he raises here at his post-conviction hearing and that he had a valid ineffective assistance of counsel claim based on trial counsel's failure to preserve an *ex post facto* claim for appeal.

10 - FINDINGS AND RECOMMENDATION

Id at 2. Because petitioner had not raised the claim in his original PCR appellate brief, appellate counsel moved the Oregon Supreme Court to remand the case to the Oregon Court of Appeals for supplemental briefing and decision on this issue noting that:

> [c]onsistent with what his **trial** attorney did, petitioner's prior appellate attorney did not present the claim to the Court of Appeals. Because of that, undersigned counsel cannot petition for review of the intermediate court's decision on the claim--because there is no decision to petition. Because counsel cannot petition for review of the claim, he cannot take the final step necessary to exhaust state court remedies, so that petitioner at least could raise the claim in a federal *habeas corpus* proceeding. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999).

Id at 3-4.

The Oregon Supreme Court denied petitioner's Motion without prejudice to petitioner's right to petition the Oregon Court of Appeals for reconsideration. Respondent's Exhibit 128. Petitioner then filed a Petition for Reconsideration asking the Oregon Court of Appeals "to permit supplemental briefing and decision on the claim that his trial attorney was inadequate and ineffective when he failed to assert that retroactively applying to his case amendments that lengthened the statute of limitations was prohibited by the constitutional ban on *ex post facto* laws." Petitioner's Memorandum in Support (#47), Exhibit E, p. 1. Significantly too, petitioner acknowledged that unless the Oregon Court of Appeals granted his Petition for Reconsideration, he would be barred from seeking federal habeas review of this claim.

11 - FINDINGS AND RECOMMENDATION

Petitioner's Memorandum in Support (#47), Exhibit E, p. 3. Ultimately, the Oregon Court of Appeals denied petitioner's Petition for Reconsideration, and the Oregon Supreme Court denied review. Respondent's Response to Petitioner's Amended Petition (#50), p. 4; *Hadley v. Hill*, 336 Or. 615, 90 P.3d 625 (2004).

The Oregon Rules of Appellate Procedure require that for a claimed error to be considered on appeal, it must have been assigned as error in the opening brief. ORAP 5.45(1). Despite petitioner's conceded failure to include the claim raised here in his opening appellate brief, the Oregon Court of Appeals had discretion to grant his Petition for Reconsideration. That court could have reopened petitioner's case, allowed for supplemental briefing from both parties, and addressed the merits of his claim. It declined to do so.

Petitioner argues that because the Oregon Court of Appeals did not explicitly state that its denial of his Petition for Reconsideration was based on procedural grounds, this court must assume that the Petition was denied on the merits. Petitioner's Final Reply (#53), pp. 4-5 (citing *Harris v. Reed*, 489 U.S. 255, 263 (1989)). However, the Supreme Court clarified *Harris*, noting that the "*Harris* presumption" contains a predicate requirement that "the state court's decision [ ] fairly appear to rest primarily on, or to be interwoven with federal law." *Coleman v. Thompson*, 501 U.S. 722, 723 (1991). The court finds that the "*Harris*

12 - FINDINGS AND RECOMMENDATION

presumption" does not apply here because in the context of petitioner's request that the Oregon Court of Appeals reopen his case and allow for supplemental briefing and decision, that court's refusal to grant such request does not fairly appear to rest primarily on, or to be interwoven with, federal law. To the contrary, it appears to rest on procedural grounds, *i.e.*, the Oregon Court of Appeals' unwillingness to reopen petitioner's case to allow for supplemental briefing and consideration of the merits of his claim.

Because it is clear that petitioner did not present his ineffective assistance of counsel claim to the Oregon Court of Appeals in a context in which the merits were considered, it was not properly exhausted and is now procedurally defaulted. Petitioner has not excused his default by proving cause or prejudice, or making a colorable showing of actual innocence.[1]

## **RECOMMENDATION**

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (#49) should be DENIED, and judgment should be entered DISMISSING this case with prejudice.

///

///

---

[1] Even if I were to reach the merits of petitioner's claim, I would recommend dismissing his Petition. It does not appear that there was a violation of the *Ex Post Facto* Clause. See United States v. Leo Sure Chief, Jr., 438 F.3d 920, 924 (9th Cir. 2006).

13 - FINDINGS AND RECOMMENDATION

**SCHEDULING ORDER**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues, and will constitute a waiver of a party's right to appellate review of the findings of fact in order of judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 26 day of October, 2006.

_____
John Jelderks
United States Magistrate Judge

14 - FINDINGS AND RECOMMENDATION